**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
Katherine C. Bunker, Bar No. 240593
Trial Attorney
**OFFICE OF THE UNITED STATES TRUSTEE**
915 Wilshire Boulevard, Suite 1850
Los Angeles, California 90017
Telephone: (213) 894-3326
Facsimile: (213) 894-0276
E-mail: kate.bunker@usdoj.gov

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>**FAIRFAX PROPERTY GROUP, LLC**,<br><br>Debtor. | Case No. 1:18-bk-11380-VK<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING ATTORNEY TO FILE DISCLOSURE OF COMPENSATION PURSUANT TO 11 U.S.C. § 329; DECLARATION OF ALFRED COOPER III IN SUPPORT THEREOF**<br><br>Date:  July 19, 2018<br>Time:  1:00 p.m.<br>Ctrm:  301 |

   PLEASE TAKE NOTICE that on July 19, 2018, at 1:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 301 of the above-entitled court, located at 21041 Burbank Boulevard, Woodland Hills, CA 91367, the United States Trustee for the Central District of California ("U.S. Trustee"), will move this Court for an order requiring Lee Linson to file a disclosure of compensation pursuant to 11 U.S.C. § 329.  Moreover, the U.S. Trustee requests that the Court retain jurisdiction to rule on the disgorgement of attorney fees pursuant to 11 U.S.C. § 329 and Federal Rule of Bankruptcy Procedure ("FRBP") 2017, if necessary.  This request is made pursuant to the supervisory duties of the U.S. Trustee as set forth in 28 U.S.C. § 586(a)(3).

  This motion is based upon the Notice of Motion, the Motion, the Memorandum of Points and Authorities, the Declaration of Alfred Cooper III in Support of the Motion, the documents on file in the bankruptcy case of Fairfax Property Group, LLC., and on such argument or evidence as may be presented by counsel at the hearing on the motion.

  Pursuant to Federal Rule of Evidence 201, applicable to bankruptcy proceedings by FRBP 9017, the U.S. Trustee also moves the Court to take judicial notice of the docket and all documents filed in this bankruptcy case.

  Local Bankruptcy Rule ("LBR") 9013-1(f) requires that any objection or response to this Motion must be stated in writing, filed with the Clerk of the Court and served on the U.S. Trustee at 915 Wilshire Boulevard, Suite 1850, Los Angeles, CA 90017, at least 14 days before the hearing. Failure to file and serve any opposition may be considered consent to the relief requested in this Motion.

DATED: June 20, 2018        UNITED STATES TRUSTEE

                 By: */s/Katherine C. Bunker*
                    Katherine C. Bunker
                    Attorney for U.S. Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    SUMMARY OF ARGUMENT**

Although attorney Lee M. Linson ("Mr. Linson") assisted Fairfax Property Group, LLC. (the "Debtor") in filing this case, Mr. Linson failed to file a Disclosure of Compensation of Attorney for Debtor ("Disclosure of Compensation"), as 11 U.S.C. § 329(b) and Federal Rule of Bankruptcy Procedure ("FRBP") 2016 require.[1]  Consequently, the Court and the U.S. Trustee cannot determine the amount of compensation Mr. Linson received, and whether it was reasonable. The U.S. Trustee requests that the Court order Mr. Linson to file a Disclosure of Compensation and that the Court also retain jurisdiction over any disgorgement motion.

**II.   JURISDICTION**

Jurisdiction over this core proceeding is based on 28 U.S.C. § 157(b)(2)(A) and (O), 28 U.S.C. § 1334(b), and the General Order of the District Court referring all Title 11 cases and proceedings to the Bankruptcy Court.  Venue is appropriate pursuant to 28 U.S.C. § 1409(a). Bankruptcy courts have broad and inherent authority to regulate a debtor's attorney's compensation.  *Law Offices of Nicholas A. Franke v. United States Trustee*, 113 F.3d 1040, 1045 (9th Cir. 1997).

**III.  STATEMENT OF FACTS**

1.    The Debtor filed a voluntary chapter 7 bankruptcy case on May 30, 2018, assigned case number 1:18-bk-11380-VK.  Declaration of Alfred Cooper III ("Cooper Dec."), Exhibit A. The filing included the petition and mailing matrix.  Cooper Dec., Exhibit B.  The Debtor's outstanding schedules and statements were due by June 13, 2018.  *See* Cooper Dec., Exhibit A.

2.    As of June 14, 2018, the Debtor had not filed its outstanding schedules and statements or obtained an extension of time to do so.  *See* Cooper Dec., Exhibit A.  Accordingly, that day the Court ordered the Debtor's bankruptcy case dismissed for failure to file schedules, statements, and/or plan.[2]  *Id*.

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the FRBP, Rules 1001-9037.

[2] Although the Debtor's case has been dismissed, to date it has not been closed by the Clerk's office.  Cooper Dec., Exhibit A.

3. Mr. Linson represented the Debtor during the pendency of the bankruptcy case. *See id.*; Cooper Dec., Exhibit B.

4. Mr. Linson did not file a Disclosure of Compensation on the petition date, and to date, has not filed such. *See* Cooper Dec., Exhibit A; Cooper Dec. ¶4.

IV. **ARGUMENT**

 A. <u>The Court Should Order Mr. Linson to File a Disclosure of Compensation Pursuant to § 329.</u>

Section 329 requires attorneys to file a statement of compensation that requires attorneys to disclose the amounts paid or agreed to be paid within one year of the filing of the petition for services rendered in connection with the case. 11 U.S.C. § 329(a). Section 329's disclosure requirements are "'mandatory, not permissive.'" *Turner v. Davis, Gillenwater & Lynch (In re Inv. Bankers, Inc.)*, 4 F.3d 1556, 1565 (10th Cir. 1993) (quoting *In re Bennett*, 133 B.R. 374, 378 (Bankr. N.D. Tex. 1991)). FRBP 2016 further explains that the attorney must file the statement within fourteen days of the filing of the bankruptcy petition. Fed. R. Bankr. P. 2016(b).

Rule 2017(a) directs the court to determine whether any payment or transfer of property to an attorney "in contemplation of" the filing of the bankruptcy petition is excessive. Fed. R. Bankr. P. 2017(a). Congress intended to permit bankruptcy courts to reexamine the reasonableness of fees within the one-year look back period, irrespective of the nature of the services rendered. *See In re Keller Fin. Servs. of Fla., Inc.*, 248 B.R. 859, 878 (Bankr. M.D. Fla. 2000). The disclosure requirements of § 329 and FRBP 2016 assist courts in policing fees charged by attorneys who represent debtors. *In re Park-Helena Corp.*, 63 F.3d 877, 881 (9th Cir. 1995). Failure by an attorney to meet the disclosure requirements of § 329 prevents the court from being able to make an informed judgment regarding the nature and amount of compensation paid or promised by the debtor for legal services, and whether that compensation is excessive.

When an attorney fails to file a statement of attorney compensation, that conduct warrants denial of his or her compensation, regardless of whether the compensation is reasonable; a court can order the disgorgement of attorney's fees for the failure to disclose even if the undisclosed facts would not have warranted disgorgement. *Park-Helena Corp.*, 63 F.3d at 881; *In re Film Ventures*

*Int'l, Inc.*, 75 B.R. 250, 252-53 (B.A.P. 9th Cir. 1987). An attorney who fails to provide complete disclosure may be ordered to disgorge previously paid compensation. *In re Hathaway Ranch P'ship*, 116 B.R. 208, 219 (Bankr. C.D. Cal. 1990).

Here, Mr. Linson failed to file a Disclosure of Compensation, and failed to file all of the documents that § 521 requires. Cooper Dec. ¶4; *see* Cooper Dec., Exhibit A. Consequently, after the deadline for the Debtor to file its schedules and statements had expired, the Court dismissed the Debtor's bankruptcy case. *See* Cooper Dec., Exhibit A. At the time of the filing of the petition itself, Mr. Linson should have had all the information he needed to file the Disclosure of Compensation, as he would have known how much he had agreed to accept for his services. Mr. Linson's failure to file a Disclosure of Compensation frustrates the efforts of the Court, and of parties in interest, to review the reasonableness of the fees Debtor's counsel charged.

Accordingly, the Court should order Mr. Linson to file a Disclosure of Compensation.[3] Additionally, the Court should retain jurisdiction over any matters arising from or related to § 329, so that the U.S. Trustee, or any other party interest, can determine whether to file a disgorgement motion, if appropriate.

V.    **CONCLUSION**

The Court should order Mr. Linson to file a Disclosure of Compensation. Additionally, the Court should retain jurisdiction over any matter arising from or related to § 329.

DATED: June 20, 2018                                    UNITED STATES TRUSTEE

By: */s/Katherine C. Bunker*
    Katherine C. Bunker
    Attorney for U.S. Trustee

---

[3] Although Mr. Linson's failure to file timely a Disclosure of Compensation itself is a sufficient basis for disgorgement, the U.S. Trustee is not requesting such relief in this Motion; however, the U.S. Trustee reserves his right to request disgorgement solely based upon Mr. Linson's failure to file timely a Disclosure of Compensation.

5

## DECLARATION OF ALFRED COOPER III

I, Alfred Cooper III, declare:

1. I am a Bankruptcy Paralegal with the office of the United States Trustee, and am the Paralegal assigned to this bankruptcy case. I am over the age of eighteen and I have personal knowledge of the facts set forth herein, and submit this declaration to put the following documents before the Court for the Court's convenience.

2. Attached hereto as Exhibit A is a true copy of the Court's electronic docket for *In re Fairfax Property Group, LLC.*, case number 1:18-bk-11380-VK, which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

3. Attached hereto as Exhibit B is a true copy of the chapter 7 bankruptcy petition and other related documents filed in this case on May 30, 2018, which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

4. I have reviewed the docket for this case, and determined that to date all of the required documents pursuant to § 521 have not been filed, and Lee Linson has failed to file a Disclosure of Compensation of Attorney for Debtor.

I declare under penalty of perjury that the foregoing facts are known by me to be true and correct. Executed on June 20, 2018, in Los Angeles, California.

_____
Alfred Cooper III

# Exhibit A

CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)      Page 1 of 3
Case 1:18-bk-11380-VK   Doc 10   Filed 06/20/18   Entered 06/20/18 15:49:47   Desc
Main Document     Page 8 of 18

**Incomplete, DISMISSED**

# U.S. Bankruptcy Court
## Central District of California (San Fernando Valley)
### Bankruptcy Petition #: 1:18-bk-11380-VK

*Assigned to:* Victoria S. Kaufman
Chapter 7
Voluntary
Asset

*Date filed:* 05/30/2018
*Debtor dismissed:* 06/18/2018
*341 meeting:* 07/06/2018

*Debtor disposition:* Dismissed for Failure to File Information

*Debtor*
**Fairfax Property Group LLC**
4060 Camino De La Cumbre
Sherman Oaks, CA 91423
LOS ANGELES-CA
Tax ID / EIN: 46-2563386

represented by **Lee M Linson**
Law Offices of Lee Linson
11901 Santa Monica Blvd Ste 449
Los Angeles, CA 90025
310-591-4004
Email: linsonlawyer@gmail.com

*Trustee*
**Nancy J Zamora (TR)**
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, CA 90071
213-488-9411

*U.S. Trustee*
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 05/30/2018 | 1<br>(7 pgs; 3 docs) | Chapter 7 Voluntary Petition for Non-Individuals . Fee Amount $335 Filed by Fairfax Property Group LLC Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 06/13/2018. Schedule A/B: Property (Form 106A/B or 206A/B) due 06/13/2018. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 06/13/2018. Schedule E/F: Creditors Who Have Unsecured Claims |

| | | |
|---|---|---|
| | | (Form 106E/F or 206E/F) due 06/13/2018. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 06/13/2018. Schedule H: Your Codebtors (Form 106H or 206H) due 06/13/2018. Declaration About an Individual Debtors Schedules (Form 106Dec) due 06/13/2018. Statement of Financial Affairs (Form 107 or 207) due 06/13/2018. Corporate Resolution Authorizing Filing of Petition due 06/13/2018. Statement of Related Cases (LBR Form F1015-2) due 06/13/2018. Attorney Disclosure of Compensation Arrangement in Individual Chapter 7 Case (LBR Form F2090-1) due 06/13/2018. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 06/13/2018. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 06/13/2018. Incomplete Filings due by 06/13/2018. (Linson, Lee) CORRECTION: Case also deficient for CorpOwnershipStat(LBR F1007-4) due 06/13/2018. Modified on 5/31/2018 (Jarquin, Jacqueline). (Entered: 05/30/2018) |
| 05/30/2018 | 2 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 07/06/2018 at 09:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. (Linson, Lee) (Entered: 05/30/2018) |
| 05/30/2018 | | Receipt of Voluntary Petition (Chapter 7)(1:18-bk-11380) [misc,volp7] ( 335.00) Filing Fee. Receipt number 47091466. Fee amount 335.00. (re: Doc# 1) (U.S. Treasury) (Entered: 05/30/2018) |
| 06/01/2018 | 3 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Wong, Jennifer. (Wong, Jennifer) (Entered: 06/01/2018) |
| 06/02/2018 | 4 (3 pgs) | BNC Certificate of Notice (RE: related document(s)2 Meeting (AutoAssign Chapter 7b)) No. of Notices: 4. Notice Date 06/02/2018. (Admin.) (Entered: 06/02/2018) |
| 06/02/2018 | 5 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Fairfax Property Group LLC) No. of Notices: 1. Notice Date 06/02/2018. (Admin.) (Entered: 06/02/2018) |
| 06/02/2018 | 6 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Fairfax |

| | | |
|---|---|---|
| | | Property Group LLC) No. of Notices: 1. Notice Date 06/02/2018. (Admin.) (Entered: 06/02/2018) |
| 06/06/2018 | 7 (2 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) Filed by Trustee Nancy J Zamora (TR). Proofs of Claims due by 9/10/2018. Government Proof of Claim due by 11/26/2018. (Zamora (TR), Nancy) (Entered: 06/06/2018) |
| 06/08/2018 | 8 (2 pgs) | BNC Certificate of Notice (RE: related document(s)7 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Nancy J Zamora (TR)) No. of Notices: 4. Notice Date 06/08/2018. (Admin.) (Entered: 06/08/2018) |
| 06/18/2018 | 9 (1 pg) | Order and Notice of Dismissal for Failure to File Schedules, Statements, and/or Plan - DEBTOR Dismissed (BNC) (Alcala, Maria) (Entered: 06/18/2018) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/20/2018 11:20:47 | | | |
| **PACER Login:** | us7762:2657067:4299065 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:18-bk-11380-VK Fil or Ent: filed To: 6/20/2018 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**Exhibit B**

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
_____ District of _____
(State)

Case number (If known): _____ Chapter ____

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**  FAIRFAX PROPERTY GROUP, LLC

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  46-2563386

4. **Debtor's address**

   Principal place of business
   4060 Camino de la Cumbre
   Number   Street

   Sherman Oaks, CA 91423
   City       State  ZIP Code

   Los Angeles
   County

   Mailing address, if different from principal place of business
   Number   Street

   P.O. Box

   City       State  ZIP Code

   Location of principal assets, if different from principal place of business
   Number   Street

   City       State  ZIP Code

5. **Debtor's website (URL)** _____

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor _____    Case number (if known) _____
　　　　Name

7. **Describe debtor's business**

   A. *Check one:*
   
   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☐ None of the above

   B. *Check all that apply:*
   
   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

   ___ ___ ___ ___

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*
   
   ☐ Chapter 7
   ☐ Chapter 9
   ☐ Chapter 11. *Check all that apply:*
   
   　　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
   
   　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
   
   　　☐ A plan is being filed with this petition.
   
   　　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
   
   　　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
   
   　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   
   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   
   If more than 2 cases, attach a separate list.
   
   ☐ No
   
   ☐ Yes.  District _____ When _____ Case number _____
   　　　　　　　　　　　　　　　　MM / DD / YYYY
   
   　　　　District _____ When _____ Case number _____
   　　　　　　　　　　　　　　　　MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
    
    List all cases. If more than 1, attach a separate list.
    
    ☒ No
    
    ☐ Yes.  Debtor _____ Relationship _____
    
    　　　　District _____ When _____
    　　　　　　　　　　　　　　　　MM / DD / YYYY
    
    　　　　Case number, if known _____

Official Form 201　　Voluntary Petition for Non-Individuals Filing for Bankruptcy　　page 2

Debtor _____    Case number (if known)_____
        Name

**11. Why is the case filed in this district?**  Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No
☑ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? 4060 CAMINO DE LA CUMBRE
                       Number    Street

SHERMAN OAKS            CA    91423
City                    State ZIP Code

Is the property insured?
☐ No
☑ Yes. Insurance agency  FARMERS INSURANCE
       Contact name       TODD Eldridge
       Phone              562 424 1646

### Statistical and administrative information

**13. Debtor's estimation of available funds**  Check one:

☐ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 3

Debtor _____    Case number (if known) _____
         Name

16. **Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☒ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

   ☐ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

   ☐ I have been authorized to file this petition on behalf of the debtor.

   ☐ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on  05/29/2018
                MM / DD / YYYY

   X _____    TYLER KIMMEL
   Signature of authorized representative of debtor    Printed name

   Title   PRESIDENT                      FAIRFAX PROPERTY GROUP, LLC

18. **Signature of attorney**

   X _____    Date  5-29-18
   Signature of attorney for debtor           MM / DD / YYYY

   Lee Linson
   Printed name

   Law Offices of Lee Linson
   Firm name

   11901 Santa Monica Blvd #449
   Number    Street

   Los Angeles                    CA           90025
   City                           State        ZIP Code

   310-591-4004                   linsonlawyer@gmail.com
   Contact phone                  Email address

   57632                          CA
   Bar number                     State

Fidelity Title
3210 EL CAMINO REAL, STE. 200
IRVINE CA 92602


Triumph Cap Ptrs Inc.
155 SOUTH HIGHWAY 101 SUITE 7
SOLANA BEACH CA 92075

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled:

**NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING ATTORNEY TO FILE DISCLOSURE OF COMPENSATION PURSUANT TO 11 U.S.C. § 329; DECLARATION OF ALFRED COOPER III IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **6/20/2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **6/20/2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **N/A,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/20/2018 | Gabriel A Rodriguez | /s/ Gabriel A Rodriguez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

## SERVICE LIST FOR PROOF OF SERVICE

| SERVED ELECTRONICALLY | SERVED BY U.S. MAIL |
|---|---|
| - Lee M Linson  linsonlawyer@gmail.com, david@jshoffmanlaw.com<br>- United States Trustee (SV)  ustpregion16.wh.ecf@usdoj.gov<br>- Jennifer C Wong  bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com<br>- Nancy J Zamora (TR)  zamora3@aol.com, nzamora@ecf.epiqsystems.com | Fairfax Property Group LLC<br>4060 Camino De La Cumbre<br>Sherman Oaks, CA 91423<br><br>The Honorable Victoria Kaufman<br>United States Bankruptcy Court<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367 |